IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RADEEYAH HENRY,**<br><br>  Plaintiff,<br><br>v.<br><br>**AVEANNA HEALTHCARE, LLC**<br><br>  Defendant. | **CIVIL ACTION FILE NO:** |

### COMPLAINT AND JURY DEMAND

**COMES NOW** Radeeyah Henry ("Ms. Henry" or "Plaintiff") by and through her undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against Aveanna Healthcare, LLC (hereafter "Defendant", "Aveanna", or "the Company") as follows.

### NATURE OF THE ACTON

1. This action is to correct unlawful employment practices engaged in by Aveanna concerning Ms. Henry, a medical biller who worked for the Company from its corporate office located in Atlanta, Georgia. During her employment with

1

Aveanna, she filed a complaint with Human Resources against an Aveanna employee, Kristi Thompson ("Ms. Thompson"), who was harassing Ms. Henry because of her race.  Ms. Henry also complained to her supervisors and managers about being constantly harassed by Ms. Thompson; however, her complaints of harassment were ignored and went unaddressed.  The Company did nothing to end the harassing behavior. By not taking any action, the Company essentially endorsed Ms. Thompson's behavior, granting tacit approval to her actions, and allowing the harassment to persist.

On April 25, 2022, less than two months after submitting a complaint about a hostile work environment involving Ms. Thompson, Ms. Henry participated in an online team meeting with her colleagues. During the meeting, her supervisor publicly instructed her to log off and shut down her computer, leading to her immediate placement on involuntary leave. Subsequently, the Company terminated Ms. Henry's employment, effective April 29, 2022.

In this lawsuit, Ms. Henry brings claims against Aveanna for its violation of 42 U.S.C. 2000e *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII") for its retaliatory and discriminatory termination of her employment.

## PARTIES

2. Ms. Henry is an individual and a resident of the State of Georgia.

3. Defendant is a healthcare company headquartered in Atlanta, Georgia that provides healthcare services to patients in 33 states throughout the U.S. in over 300 branch offices.

## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. §1331 and 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

## PERSONAL JURISDICTION

5. Defendant is a Georgia domestic limited liability company doing business in the State of Georgia; as such, Defendant may be served with process concerning this civil action upon its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## VENUE

6.      Venue is proper in this District (1) pursuant to 28 U.S.C. §1391(b) (1) and (2) because Defendant is located in this District, and the employment practices engaged in by Defendant concerning Plaintiff, which include events and omissions, occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

7.      Ms. Henry filed a Charge of Discrimination, Number 410-2022-05381, against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 14, 2022 (See Exhibit No. 1).

8.      On October 4, 2023, the EEOC issued Ms. Henry a Dismissal and Notice of Rights Letter for EEOC Charge Number 410-2022-05381 ("Right-to-Sue Letter") (See Exhibit No. 2).

9.      Ms. Henry has filed this present civil action within 90 days of receiving her Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

### *Background*

11. Ms. Henry began her employment with Aveanna on or about December 1, 2020.

12. Throughout her employment, she worked from the Company's corporate office, located in Atlanta, Georgia, in the Revenue Cycle Management Department, as a Medical Biller 1.

### *Ms. Henry's Hostile Work Environment Complaint*

13. During relevant periods of her employment with Aveanna, Ms. Thompson held the title of Area Support/Area Operations Manager, a position of higher rank than Ms. Henry.

14. Ms. Thompson is white.

15. Ms. Henry is African American.

16. Ms. Thompson held a managerial position, while Ms. Henry, who did not have a managerial role, was assigned the responsibility of training Ms. Thompson.

17. Despite Ms. Henry's diligent efforts to provide training and assistance, she encountered racial hostility and mistreatment manifested through various acts of hostile and aggressive behavior in return.

18. While serving as an area manager, Ms. Thompson would deliberately log Ms. Henry out of the Company's work platform, even when she was not scheduled for time off. This action led to Ms. Henry being deprived of her rightful pay.

19. While serving as an area manager, Ms. Thompson would unjustly report Ms. Henry to other managers whenever Ms. Henry failed to respond promptly.

20. Ms. Thompson did not treat other non-African employees in the same manner she treated Ms. Henry.

21. In and around February of 2022, Ms. Henry complained to her supervisor and managers, and Human Resources about being subjected to a racially hostile working environment perpetrated against her by a coworker, Kristi Thompson.

22. Ms. Henry reported to Human Resources, expressing concerns about the hostility and unequal treatment she experienced from Ms. Thompson.

23. Despite bringing the issue to her supervisor and Human Resources through a formal complaint, no action was taken to promptly and effectively address or resolve the hostile work environment.

*Administrative Leave and Termination of Employment*

24. On or about April 25, 2022, less than two months after filing her hostile work environment complaint against Ms. Thompson, Ms. Henry participated in an online team meeting with her colleagues. During the meeting, her supervisor publicly instructed her to log off and shut down her computer, leading to her immediate placement on involuntary leave.

25. On or about April 29, 2022, the Company terminated her employment.

### COUNT I

### (Retaliation in Violation of Title VII)

26. Ms. Henry incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

27. Defendant violated 42 U.S.C.A. § 2000e-3(a) because it terminated Ms. Henry's employment in retaliation for engaging in the protected activity of opposing practices (i.e., a hostile work environment) that she reasonably believed was a violation of Title VII.

28. On or about April 25, 2022, less than two months after filing her hostile work environment complaint against Ms. Thompson, Ms. Henry was placed on involuntary leave.

29. On or about April 29, 2022, the Company terminated her employment.

30. This unlawful termination has caused her to experience emotional distress, humiliation, embarrassment, mental anguish, lost wages, lost benefits, and other economic harm.

## COUNT II
**(Termination in Violation of Title VII)**

31. Ms. Henry incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

32. Ms. Henry is African American; moreover, other similarly situated employees of Aveanna who engaged in conduct that Defendant relies upon to terminate her employment, were not terminated by the Company.

33. Defendant violated 42 U.S.C. § 2000e-2(a)(1) by discharging Ms. Henry because of her race.

## COUNT III.

## (Punitive Damages)

34. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

35. Defendant engaged in discriminatory and retaliatory practices, as set forth herein, with malice or with reckless indifference to the federally protected rights of Plaintiff.

36. Accordingly, Defendant must pay Plaintiff punitive damages in accordance with applicable law.

## JURY TRIAL DEMAND

37. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above-stated claims that Defendant has violated Plaintiff's rights afforded to her under Title VII, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for her emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits;

C. Actual losses;

D. Punitive damages to the extent allowed by law;

E. Attorneys' fees and the costs of this action;

F. Prejudgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of January 2024.

                                                  **HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**